UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LEE PENNIE EXREL IRIS-SIRI OF SHAMBHALA TRUST,<br><br>Plaintiff,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:21-cv-1011 JAM AC PS<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se, and the action was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP"). Plaintiff has submitted the affidavit required by Section 1915(a) showing that she is unable to prepay fees and costs or give security for them. ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I. SCREENING

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The court finds that, for screening purposes

only, plaintiff's claims are sufficiently cognizable except as to defendants Judge Donald Sergerstrom, the People of the State of California, and Tuolumne County Superior Court.

The complaint contains no actual allegations against Judge Sergerstrom. Even if it did, any claims would be barred by the doctrine of judicial immunity. Judges are generally entitled to absolute immunity from liability under 42 U.S.C. § 1983 for judicial acts taken within the jurisdiction of their courts. Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1986). This is not a defect that can be cured by amendment. Because Judge Sergerstrom is immune from monetary relief, he must be dismissed on screening under § 1915(e)(2).

Likewise, plaintiff's claims against the State of California and the Tuolumne County Superior Court are legally barred. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Cons., amend. XI. This provision has been interpreted as a grant of sovereign immunity to the states against suit in federal court. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). Thus, plaintiff's claims against the State Court as well as the State of California are barred and must be dismissed. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (claims against state courts under § 1983 are barred by the Eleventh Amendment).

Moreover, suits brought under § 1983 can only be brought against "persons." 42 U.S.C. § 1983. States are not persons who may be sued under the statute. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). Neither can such suits be brought against a state agency, because it is an arm of the state and not a "person" for purposes of § 1983. Howlett v. Rose, 496 U.S. 356, 365 (1990). Accordingly, the claims against the State and the state court are

////

non-cognizable under § 1983 as well as being barred by the Eleventh Amendment. For both reasons, they must be dismissed on screening under § 1915(e)(2).

## II. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2), is GRANTED.

2. Service is appropriate for the following defendants:

    - The Sonora Police Department;
    - The City of Sonora;
    - Officer King (Star #1560);
    - Officer Paulsen (Star #701); and
    - Clerk Diana Neeley

3. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

4. The Clerk of the Court shall send plaintiff the above: one USM-285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

5. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 3, above, at least:

    a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;

    d. One copy of the instant order; and

    e. An appropriate form for consent to trial by a magistrate judge.

////

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

8. Failure to comply with this order may result in a recommendation that this action be dismissed.

**IT IS FURTHER RECOMMENDED** that for the reasons set forth above, the claims against defendants Judge Donald Sergerstrom, Tuolumne County Superior Court, and the People of the State of California be dismissed pursuant to 28 U.S.C. § 1915.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 16, 2021.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   | MICHAEL RICHARDSON,                | No. 2:17-cv-01838 JAM AC (PS)
12   |         Plaintiff,                  |
13   |     v.                              | NOTICE OF SUBMISSION
14   | JEFFERSON SESSIONS, in his official |
15   | capacity, and XAVIER BECERRA, in his|
     | official capacity,                  |
16   |         Defendants.                 |
17

18       Plaintiff has submitted the following documents to the U.S. Marshal, in compliance with
19   the court's order filed _____:
20       ____  completed summons form
21       ____  completed USM-285 form
22       ____  copy of the complaint
23       ____  completed form to consent or decline to consent to magistrate judge jurisdiction
24
25   _____        _____
     Date                                    Plaintiff's Signature
26
27
28
                                              1